UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHEL FORTIER, §
*Plaintiff*, §
§
v. § Civil Action No. 4:19-CV-0899
§
REDI-CARPET SALES OF HOUSTON, LTD. *et al.*, §
*Defendants*. §

## MEMORANDUM AND RECOMMENDATION

This case is before the court on Defendants' Motion for Summary Judgment.[1] Dkt. 21. Having considered the parties' submissions, argument of counsel at a hearing on the record on June 11, 2020, and the law, the Court recommends that the motion be granted in part and denied in part.

**I.  Background**

Erik Olsen, Chief Financial Officer of Defendant Redi-Carpet, Inc., hired Plaintiff Michel Fortier as a credit manager in April 2013 and later promoted Fortier to Director of Credit. In early 2017 Fortier informed Olsen that he planned to retire in October 2017. Instead, Fortier abruptly resigned on September 6, 2017. On September 18, 2017, Fortier had lunch with another former Redi-Carpet, Inc. employee, Greg Waleke. Fortier told Waleke that Redi-Carpet, Inc. CEO Brian Caress once pinned Fortier against a wall and rubbed his groin against Fortier's buttocks.

Litigation between the parties began on October 18, 2017 when Fortier instituted a proceeding under Texas Rule of Civil Procedure 202 seeking to depose Caress in preparation for a potential sexual harassment case.[2] Caress followed on November 17, 2017 with a Rule 202 petition

---

[1] The District Court referred this case to this Magistrate Judge for Report and Recommendation. Dkt. 24.
[2] The timeline for proceedings in state court is based on the parties' joint timeline (Dkt. 30) submitted at the Court's request after the hearing.

seeking to depose Fortier in preparation for a possible defamation case. On January 30, 2018, while an appeal related to the Rule 202 petitions was pending, Fortier filed a formal charge of discrimination with the EEOC alleging he was subjected to a hostile work environment at Redi-Carpet due to sexual harassment by Caress. On September 13, 2018, Caress sued Fortier in state court alleging that Fortier defamed Caress when he told Waleke that Caress had sexually harassed or assaulted him.[3]

Fortier filed this lawsuit in state court on January 25, 2019 and Defendants timely removed the lawsuit to this Court. Fortier filed a Second Amended Complaint on February 3, 2020 asserting claims for sexual harassment and retaliation in violation of Title VII and the Texas Labor Code (TCHRA)[4] against Redi-Carpet Sales of Houston, Ltd., Redi-Carpet Sales, Inc. and Redi-Carpet, Inc. and asserting state law tort claims against all Redi-Carpet corporate entities and Brian Caress. Defendants now move for summary judgment on all of Plaintiff's claims.

## II.     Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). The court construes the evidence in the light most favorable

---

[3] The state trial court denied Fortier's May 31, 2019 motion to dismiss Caress's defamation suit and Fortier's interlocutory appeal of that ruling is still pending.
[4] Chapter 21 of the Texas Labor Code is known as the Texas Commission on Human Rights Act, or TCHRA. *Quintana v. Fujifilm N. Am. Corp.*, 96 F. Supp. 3d 601, 607 (N.D. Tex.), aff'd, 628 F. App'x 252 (5th Cir. 2015).

to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013).[5]

### III. Analysis

Defendants move for summary judgment in favor of Redi-Carpet Sales of Houston, Ltd. and Redi-Carpet Sales, Inc. on Fortier's Title VII and THCRA claims because only Redi-Carpet, Inc. was Fortier's employer. Defendants move for summary judgment on Fortier's Title VII and TCHRA sexual harassment claims and his Texas tort claims on the grounds that they are barred by the applicable statutes of limitations. Finally, Defendants move for summary judgment on Fortier's retaliation claims because Fortier cannot meet his burden to prove that Caress's state court defamation claim is baseless. Fortier stipulates to dismissal of all claims against Redi-Carpet Sales, Inc. and to dismissal of his claims for intentional infliction of emotional distress against all Defendants. Dkt. 25 at 37-38.

#### A. Fortier's Title VII and TCHRA claims against Redi-Carpet Sales of Houston Ltd. must be dismissed because it was not Fortier's employer.

Title VII and TCHRA make it unlawful for an "employer" to discriminate against any individual because of such individual's protected characteristics, including sex. 42 U.S.C.A. § 2000e-2(a)(1); TEX. LABOR CODE § 21.051. Only "employers" can be liable under Title VII or TCHRA. *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994); *Baldwin v. Barre*, 299 F. App'x

---

[5] For purposes of this Memorandum and Recommendation only, the Court makes the following rulings on objections to the summary judgment evidence: Plaintiff's objection to the Affidavit of Erik Olsen on grounds that it was not previously disclosed is overruled. Plaintiff's objections to the statement in Olsen's Affidavit that Caress did not intend to offend Fortier and to the statement in Caress's Affidavit that Fortier knew his allegations were false are sustained because the statements are not based on personal knowledge. Neither statement, however, is material to the Court's ruling on the current motion. Plaintiff's objection to Olsen's statement that the 2014 complaints are Fortier's only complaints is overruled. As Fortier's supervisor, Olsen has personal knowledge regarding Fortier's complaints and Fortier testified that he complained to Olsen. *See* Dkt. 25-1. Finally, Plaintiff's objection to the September 23, 2019 Affidavit of Erik Olsen is sustained for current purposes only and the Court makes no ruling as to whether the information attached to the Affidavit will be admissible at trial. Defendants' objection to the transcript of Fortier's conversation with William J. Wisdom (P. Ex. E) is sustained but is not material to the Court's ruling. The transcript will be the subject of a separate order on Defendants' motion to strike. Dkt. 28.

444, 445 (5th Cir. 2008) ("Title VII imposes liability only on 'employers'"); *Burnett v. Texas Dep't of Criminal Justice*, No. CV H-16-664, 2018 WL 1508753, at *5 n.52 (S.D. Tex. Feb. 26, 2018) ("The TCHRA does not create a cause of action against supervisors or individual employees, only employers." (citation omitted)), *report and recommendation adopted*, No. CV H-16-664, 2018 WL 1474420 (S.D. Tex. Mar. 23, 2018).

Defendants do not dispute that Fortier was an employee of Redi-Carpet, Inc. and therefore can allege Title VII and TCHRA claims against Redi-Carpet, Inc. as his employer. Dkt. 25-1 at ¶4; Dkt. 25-3 at 1-8. Fortier contends there is a fact issue as to whether Redi-Carpet Sales of Houston, Ltd. was his employer because Erik Olsen gave Fortier an unsigned sample employment agreement to review at his interview that listed Redi-Carpet Sales of Houston, Ltd. as the "employer." Dkt. 25-1 at ¶3; Dkt. 25-2 at 1-5. Erik Olsen's Affidavit states that Olsen hired Fortier to be the credit manager at Redi-Carpet, Inc. in April 2013, as reflected in the executed Employment Agreement, and that Fortier was never employed by Redi-Carpet Sales of Houston, Ltd. Dkt. 21-1 at ¶3. In light of Olsen's testimony, the unsigned sample employment agreement fails to create a fact issue regarding whether Redi-Carpet Sales of Houston, Ltd. was Fortier's employer.[6] Therefore, Fortier's Title VII and TCHRA claims against Redi-Carpet Sales of Houston Ltd. must be dismissed.

### B. Fortier's Title VII and TCHRA claims are not barred by the statutes of limitations because he has alleged a "continuing violation."

Defendants move for summary judgment on Fortier's Title VII and TCHRA sexual harassment claims solely on the grounds that they are barred by the applicable statutes of

---

[6] Distinct entities may represent a single, integrated enterprise and thus a single employer. *Trevino v. Celanese Corp.*, 701 F.2d 397, 403–04 (5th Cir. 1983). To determine whether entities constitute a single, integrated enterprise, a court considers the (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. *Id.* Fortier does not argue that Redi-Carpet Sales of Houston, Ltd. and Redi-Carpet, Inc. are a single, integrated enterprise.

limitations. A plaintiff may assert a claim pursuant to TCHRA for discriminatory acts that occurred no more than 180 days prior to filing a charge of discrimination. TEX. LABOR CODE § 21.202(a). In states that provide a remedy for discrimination, as Texas does, a plaintiff may assert a claim pursuant to Title VII for discriminatory acts that occurred no more than 300 days prior to filing a charge of discrimination. 42 U.S.C. § 2000e-5(e). However, "[a] charge alleging a hostile work environment claim, ... will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002); s*ee also Stewart v. Mississippi Transp. Comm'n*, 586 F.3d 321, 328 (5th Cir. 2009) (a court may consider behavior alleged outside the 180–day window, "so long as any act contributing to that hostile environment takes place within the statutory time period."); *Heath v. Bd. Of Supervisors for the S. Univ. & Agric. & Mech. College*, 850 F.3d 731, 737 (5th Cir. 2017) ("As long as an act contributing to the claim occurs within the filing period, the entire period of the hostile environment may be considered by a court for the purposes of determining liability."). Fortier alleges that in late August 2017, Caress entered Fortier's office, blocked him in, bent down and squeezed Fortier's shoulders, and tried to show Fortier a picture of Hurricane Harvey's damage to Caress's house. Dkt. 25-1 at ¶ 57. As long as this event is part of the continuing sexual harassment by Caress alleged by Fortier, Fortier's claim is not time-barred.

Fortier alleges that he was subjected to unwanted sexual harassment by Brian Caress almost immediately upon being hired in April 2013. Dkt. 17 at ¶19; Dkt. 25-1 at ¶8. Fortier alleges that in early 2015 Caress pinned Fortier against the wall and pressed his body and genitals against him. Dkt. 17 at ¶ 20; Dkt. 25-1 at ¶¶ 27-31. Fortier further states that Caress inappropriately touched and hugged Fortier and that Caress once offered to show Fortier a picture of his penis. Dkt. 25-1 at ¶¶ 13-14. According to Fortier, he complained to Olsen about Caress's conduct numerous times

in 2017, but the harassment continued. Dkt. 25-1 at ¶ 54. After the August 2017 incident, Fortier resigned on September 6, 2017 when he handed Olsen his keys and stated he could not take any more. Dkt. 17 at 29; Dkt. 25-1 at ¶ 59.

Defendants initial summary judgment briefing does not address the August 2017 incident and argues that Fortier's claims are time-barred based on (1) Olsen's Affidavit stating that the only complaints from Fortier about Caress's conduct related to events in 2014 and (2) Fortier's admission that the "wall incident" took place before March 15, 2015. *See* Dkt. 21. In their Reply, Defendants argue that in order to take advantage of the continuing violation doctrine Fortier must allege "events that stand on their own as actionable harassment." Dkt. 27 at 4. Defendants' Reply argument is contrary to the holding of *National R.R. Passenger Corp.* and the Fifth Circuit's ruling in *Heath*. Fortier's claim is timely if he creates a fact issue that an event took place within the requisite time frame that is "part of the same unlawful employment practice" and contributed to the hostile environment. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 118; *Heath*, 850 F.3d at 737. Fortier's Affidavit asserts a pattern of conduct by Caress that began shortly after he was hired in April 2013 and includes at least one act in this continuing pattern of conduct, the August 2017 incident, that occurred within the statutory limitations period. Therefore, the Court recommends that Defendants' motion for summary judgement on Fortier's Title VII and TCHRA sexual harassment claims based on the statute of limitations be denied.[7]

### C. Fortier's common law assault claim is not barred by the statute of limitations.

Defendants moved for summary judgment on Fortier's assault claim solely on the grounds that it is barred by Texas's two-year statute of limitations for tort actions. TEX. CIV. PRAC. & REM.

---

[7] As previously noted, Defendants moved for summary judgment based solely on the statute of limitations. Defendants have not argued, and the Court does not address, whether Fortier can show that he suffered severe or pervasive harassment based on his sex.

CODE § 16.003. Fortier's assault claim is timely only if an "assault" occurred on or after January 25, 2017. An assault is defined as the (1) apprehension of (2) an immediate battery. *Vasquez v. City of Grand Prairie*, No. 3:07-CV-0059-D, 2008 WL 3895396, at *11 (N.D. Tex. Aug. 21, 2008) (citing TEX. PENAL CODE § 22.01(a)(3)).

Defendants' motion does not address the August 2017 picture incident and is based on their assertion that March 2015 wall incident occurred more than two years before Fortier filed suit. However, Fortier has presented summary judgment evidence of an "assault" that occurred in August 2017 when Caress blocked Fortier in his chair, leaving him no way out of the room, and hugged and squeezed his shoulder. Dkt. 25-1 ¶57. Fortier's testimony that Caress blocked him in his chair and then squeezed his shoulders raises a fact issue as to whether Fortier suffered an assault in August 2017. Thus, the Court recommends that Defendants' motion for summary judgment on Fortier's civil assault claim on the basis of the two-year statute of limitations be denied.[8]

### D. Fortier's retaliation claim must be dismissed because he has failed to show the lawsuit filed against him by Caress is objectively baseless.

Fortier alleges that after he filed a formal charge of discrimination with the EEOC detailing sexual harassment by Caress, Caress retaliated against him in violation of Title VII and TCHRA by filing a defamation lawsuit.[9] The lawsuit filed by Caress alleges Fortier defamed him by telling a former Redi-Carpet, Inc. employee that Caress once pinned Fortier against a wall and rubbed his groin against Fortier's buttocks. Defendants have moved for summary judgment on Fortier's Title VII and TCHRA retaliation claims on the grounds that a retaliation claim based on a lawsuit "is

---

[8] Fortier's counsel represents that Fortier has asserted this claim on the basis of vicarious liability against all three named corporate defendants, Redi-Carpet, Inc., Redi-Carpet Sales of Houston, Ltd., and Redi-Carpet Sales, Inc. Dkt. 29. Fortier has stipulated to dismissal of Redi-Carpet Sales, Inc. Dkt. 25 at 28. The record does not reflect what role, if any, Caress had with Redi-Carpet Sales of Houston, Ltd. The identity of Caress's employer for purposes of vicarious liability on the assault claim remains for trial.

[9] The elements of a prima facie claim of retaliation are (1) protected activity; (2) an adverse employment action; and (3) a causal link between the protected activity and the adverse employment action. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004); *Hackett v. United Parcel Service*, 736 F. App'x 444, 452 (5th Cir. 2018).

only actionable when the lawsuit is baseless." Dkt. 21 at 5.

The Supreme Court has made clear that a former employee may pursue a retaliation claim based on conduct that occurred after employment ends or outside the workplace. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997) ("we hold that former employees are included within [Title VII] § 704(a)'s coverage."); *see Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006) (An adverse employment action in the retaliation context is one that is "harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination."). Several courts have found that, in certain circumstances, the filing of a lawsuit can constitute an adverse employment action that supports a retaliation claim. *See, e.g., Cozzi v. Pepsi-Cola Gen. Bottlers, Inc.*, No. 96 C 7228, 1997 WL 312048, at *3 (N.D. Ill. June 6, 1997) ("the filing of lawsuit, not in good faith and instead motivated by retaliation, can be a basis for a retaliation claim under Title VII"); *Rosania v. Taco Bell of Am., Inc.*, 303 F. Supp. 2d 878, 885 (N.D. Ohio 2004) (filing counterclaims may be retaliatory). However, only a lawsuit that is both objectively unreasonable and motivated by retaliatory intent will support a retaliation claim. *Castillo v. Joann Urquhart, M.D., P.C.*, No. 8:17-cv-01810-PX, 2019 WL 4750294, at *7 (D. Md. Sept. 30, 2019) ("A lawsuit filed by an employer can constitute an adverse action where the employer pursued the claim 'with a retaliatory motive and without a reasonable basis in fact or law'" (quoting *Darveau v. Detecon, Inc.*, 515 F.3d 334, 341 (4th Cir. 2008)); *Robillard v. Opal Labs, Inc.*, 428 F. Supp. 3d 412, 453 (D. Or. 2019) ("Importantly, only lawsuits that are 'baseless in fact or law' may support a retaliation claim, for baseless suits are those which do not implicate the claimant's right to petition a court for its own redress of grievances."); *Cf. Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 743 (1983) ("The filing and prosecution of a well-founded lawsuit may not be enjoined as an unfair labor practice, even if it would not have been commenced but for the plaintiff's desire to retaliate against the defendant for exercising rights protected by the Act.").

There is no bright-line rule for determining that a lawsuit is "baseless" and potentially retaliatory. In *Rosania*, 303 F. Supp. 2d at 886, the court relied on the two-part test for discerning sham litigation that was set forth in the anti-trust case of *Prof'l Real Estate Invest. Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S 49, 60-61 (1920):

> We now outline a two-part definition of 'sham' litigation. First, the lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits. . . . Only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation.

In *Castillo*, the court concluded that dismissal on summary judgment for lack of sufficient evidence does not necessarily make a claim baseless. 2019 WL 4750294, at *9 (citing *Ergo v. Int'l Merch. Servs., Inc.*, 519 F. Supp. 2d 765, 781 (N.D. Ill. 2007) (describing a baseless claim as one so frivolous as to be sanctionable)). Adopting a similar standard in this Title VII and TCHRA retaliation context,[10] the Court finds that Fortier cannot show that the state court defamation suit is baseless and thus, Caress's filing of the suit does not support a retaliation claim.

Fortier argues that on summary judgment, this Court must accept as true Fortier's affidavit testimony detailing Caress's sexual harassment, and therefore Fortier has met his summary judgment burden to show that Caress's lawsuit, which alleges Fortier's statements were defamatory and untrue, is baseless. Again, Caress's act of filing the defamation suit against Fortier can only support a retaliation claim if the lawsuit is baseless. *See Castillo v. Joann Urquhart, M.D., P.C.*, 2019 WL 4750294, at *7; *Smith v. Miami-Dade Cty.*, 621 F. App'x 955, 960 (11th Cir. 2015) ("merely alleging that [defendant] will ultimately lose on the merits is different than alleging that [defendant] had no reasonable basis in fact or law to file a counterclaim in the first

---

[10] "Retaliation claims arise in any number of contexts. The essence of such a claim is that the plaintiff engaged in conduct protected by the Constitution or by statute, the defendant took an adverse action against the plaintiff, and this adverse action was taken (at least in part) because of the protected conduct. There are variations on this theme in bodies of statutory law that allow retaliation claims (e.g., ADA, Title VII, NLRA, etc.), but the essential framework remains the same." *Thaddeus-X v. Blatter*, 175 F.3d 378, 386–87 (6th Cir. 1999).

place."). The very fact that the state court defamation suit turns on the credibility of the competing parties' testimony supports the legal conclusion that the lawsuit is not "baseless." In *Bill Johnson's Restaurants, Inc.*, 461 U.S. at 743, the Supreme Court reasoned that "if there is a genuine issue of material fact that turns on the credibility of witnesses or on the proper inferences to be drawn from undisputed facts, it cannot. . . be concluded that the suit should be enjoined" as a baseless claim and therefore an unfair labor practice.

In other words, Fortier cannot create a fact issue on summary judgment in this case as to whether Caress's currently-pending state court defamation suit is baseless simply by establishing a fact issue as to whether or not Caress can ultimately prevail in that suit. Because the Court cannot determine on summary judgment that Caress's currently-pending state court defamation suit is baseless, Caress's filing of the state court lawsuit cannot serve as the basis of Fortier's retaliation claim under Title VII or TCHRA. Furthermore, allowing Fortier to bring a retaliation claim in this suit based on Caress's filing of a state court defamation lawsuit would violate Caress's "right to petition a court for [his] own redress of grievances." *Castillo*, 2019 WL 4750294, at *7; *see also Gliatta v. Tectum, Inc.*, 211 F. Supp. 2d 992, 1009 (S.D. Ohio 2002) (recognizing, despite denying Rule 12(b)(6) motion, that "the fact that an employee files a charge of discrimination does not immunize such employee from a suit brought by the employer."). Thus, the Court recommends that Defendants' motion for summary judgment on Fortier's Title VII and TCHRA retaliation claims be granted.

## IV.  Conclusion and Recommendation

For the reasons discussed above, the court **RECOMMENDS** that based on Fortier's stipulation all claims against Redi-Carpet Sales, Inc. and his claims for intentional infliction of emotional distress against all Defendants be **DISMISSED WITH PREJUDICE**.

The Court further **RECOMMENDS** that Defendants' Motion for Summary Judgment be

**GRANTED** as to Fortier's Title VII and TCHRA retaliation claims and **DENIED** as to Fortier's Title VII and TCHRA sexual harassment claim and state law civil assault claim.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 23, 2020, at Houston, Texas.

                                          Christina A. Bryan
                                    United States Magistrate Judge