United States District Court
Southern District of Texas
**ENTERED**
July 13, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHEL FORTIER, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-CV-0899 |
| | § | |
| REDI-CARPET SALES OF HOUSTON, LTD. *et al.*, | § | |
| *Defendants*. | § | |

## ORDER

This case is before the court on Defendant's Motion to Strike and For a Protective Order Relating to an Attorney Client Privileged Document (Dkt. 28), and Defendants' Motion to Compel Plaintiff's Deposition (Dkt. 34).[1]  Having considered the parties' submissions and the law, both motions are granted.

Defendant Redi Carpet, Inc. seeks to strike Plaintiff's Exhibit E to its Summary Judgment Response.[2]  Dkt. 25-6.  Plaintiff did not file a response to the Motion to Strike and the Court may deem it unopposed.  LOC. R. S.D. TEX. 7.3, 7.4.  Exhibit E is a transcript of a March 15, 2015 conversation between Plaintiff and Defense counsel while Plaintiff was employed by Redi-Carpet, Inc. regarding Plaintiff's testimony in a lawsuit in which counsel was representing Defendant Redi-Carpet, Inc.  Plaintiff apparently recorded the conversation without the knowledge of counsel or Redi-Carpet, Inc.  The conversation was subject to attorney-client privilege, and Redi-Carpet, Inc. has not waived its privilege.  Therefore, it is

ORDERED that Defendant's Motion to Strike and for a Protective Order (Dkt. 28) is GRANTED.  It is further ORDERED that Plaintiff shall destroy the recording of the March 15,

---

[1] The District Court referred this case to this Magistrate Judge for Report and Recommendation. Dkt. 24.
[2] The Court sustained Defendant's objection to Ex. E and did not consider it in issuing the Memorandum and Recommendation on summary judgment. Dkt. 32 at n.5.

2015 conversation and all copies and transcripts.

Defendants also seek to depose Plaintiff.  Defendants represent that ongoing discussions regarding possible deposition dates that began in 2019 were postponed due to the Covid-19 shut down in March.  The discovery deadline was April 1, 2020.  Plaintiff objects to the deposition going forward after the discovery deadline because Defendants already moved for summary judgment without the need for the deposition, and because Plaintiff has not shown good cause.

The Court has discretion to amend the scheduling order for good cause.  FED. R. CIV. P. 16(b)(4).  "Four factors are relevant to good cause:  (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir.2003)).  The Court finds that the Covid-19 pandemic constitutes good cause for Defendants' failure to conduct the deposition of Plaintiff prior to April 1, 2020.  In addition, the deposition will not necessitate any continuance of the August 28, 2020 docket call or cause any prejudice to Plaintiff.  Therefore, it is

ORDERED that Defendants' Motion to Compel (Dkt. 31) is GRANTED.  Plaintiff shall sit for a deposition, which should be conducted by video-conference due to the ongoing Covid-19 pandemic, within 21 days of entry of this Order.

Signed on July 13, 2020, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge